**IT IS ORDERED as set forth below:**



Date:  November 3, 2017

_____

W. Homer Drake
U.S. Bankruptcy Court Judge

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION**

| | | |
|---|---|---|
| **IN THE MATTER OF**: | : | **CASE NUMBERS** |
| | : | |
| DEXTER EUGENE WEBB, | : | BANKRUPTCY CASE |
| ROBYN CHRISTINE WEBB, | : | 17-10835-WHD |
| Debtors. | : | |
| _____ | : | |
| | : | |
| | : | |
| | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 13 OF THE |
| | : | BANKRUPTCY CODE |
| | : | |

**ORDER**

Before the Court is the Debtors' Motion for Stay Pending Appeal (hereinafter the "Motion").  (Doc. No. 37).  The Debtors, acting *pro se*, filed the Motion on September 7, 2017.  The Debtors assert that the failure to comply with the Chapter 13

plan resulted from "misrepresentation by my attorney." *Id.*

## Background

On August 17, 2017, the Court denied confirmation of the Debtors' Chapter 13 plan and dismissed the case with prejudice, rendering the Debtors ineligible to file for relief under Chapter 13 for 180 days. (Doc. No. 30). On August 21, 2017, the Debtors filed a Motion to Reconsider and Requesting a New Trustee/Attorney. (Doc. No. 33). On the August 25, 2017, the Court denied this motion. (Doc. No. 34).

On September 7, 2017, the Debtors' filed the instant Motion. The Debtors blame their failure to comply with the Chapter 13 plan on their attorney, stating the failure was "[d]ue to misrepresentation by my attorney." (Doc. No. 37). Due to the vagueness of the Debtors' Motion, the Court will address the Motion under the assumption that the Debtors desire to have the Court's August 17th Order, which dismissed the Debtors with prejudice, stayed pending the outcome of appeal. The Court concludes as follows.

## Discussion

The Court shall liberally construe the *pro se* litigants' pleadings. *McWeay v. Citibank, N.A.*, 521 Fed. App'x 784, 787 (11th Cir. 2013). However, the Court cannot act as de facto counsel and rewrite deficient pleadings. *Id.* at 788.

2

Rule 8007 provides, in pertinent part, that a party, ordinarily, must move first in the bankruptcy court for "stay of a judgment, order, or decree of the bankruptcy court pending appeal." Fed. R. Bankr. P. 8007(a)(1). The decision as to whether or not to grant such a stay lies within the sound discretion of the court. *In re Sabine Oil & Gas Corporation*, 551 B.R. 132, 142 (Bankr. S.D.N.Y 2016). In determining whether a discretionary stay should be granted, courts have adopted a test comprised of four factors: (1) the likelihood that the movant will prevail on the merits of appeal; (2) whether, absent a stay, the movant will suffer irreparable damage; (3) whether the adverse party will suffer no substantial harm from the issuance of the stay; and (4) whether the public interest will be served, rather than disserved, by issuing the stay. *In re Arnal*, 2003 Bankr. LEXIS 2258, 2003 WL 22709326, at *1 (Bankr. S.D. Ga. 2003) (citing *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986)).

Ordinarily, the first factor, likelihood of success on appeal, carries the most weight when determining whether to grant a stay pending appeal. *Id.* The movant must demonstrate a probable likelihood of success on the merits of appeal. *Id.* However, a lower standard, in certain situations, may be enough to warrant the granting of a stay pending appeal. Where the "balancing of the equities" (factors two

3

through four) weighs heavily in favor of granting the stay, the movant need only show a substantial case on the merits. *Id.*

Here, the Debtors have not met the burden of showing a "probable" likelihood of success on the merits of appeal. The Debtors have not demonstrated any persuasive authority that would lead this Court to different legal conclusions. *See In re Williamson*, 414 B.R. 892, 894 (Bankr. S.D. Ga. 2009). In fact, the Debtors' Motion contains no arguments or assertions that lend even the smallest amount of support to the Debtors' Motion. (*See* Doc. No. 37).

In order for the lesser burden to apply in this case, the Debtors must show that the "balancing of the equities" weighs heavily in their favor. The Debtors have not met this burden. The Debtors have shown neither that they will suffer irreparable damage nor that other interested parties will not suffer substantial harm if the stay is not granted. Last, public interest is served by denying the Debtors' Motion. It is in the public interest to uphold the integrity and prevent abuse of the Bankruptcy System. The Court, in its August 17th Order, provided several reasons for the Debtors' dismissal with prejudice, including: the Debtors' delinquency in making plan payments; the Debtors filing eight (8) other previous bankruptcy cases; and that the Debtors' actions were unreasonable and prejudicially delayed the Chapter 13

4

proceedings. (*See* Doc. No. 30). Public interest is not served by conveying a benefit upon persons who act in such a manner. Accordingly,

**IT IS ORDERED** that the Debtors' Motion for Stay Pending Appeal is **DENIED.**

The Clerk is **DIRECTED** to serve this Order on the Debtors, the Chapter 13 Trustee and all interested parties.

**END OF DOCUMENT**